UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| ADAM TROY HALEY, | } |
| Petitioner, | } |
| v. | } Case No.: 6:17-cv-302-MHH-HNJ |
| CHRISTOPHER GORDY, Warden, and ALABAMA ATTORNEY GENERAL, | } |
| Respondents. | } |

## MEMORANDUM OPINION

On February 21, 2017, Mr. Haley filed a petition for writ of habeas corpus challenging his criminal conviction in the Circuit Court of Walker County. (Doc. 1, pp. 28, 2). On March 17, 2017, the respondents answered Mr. Haley's petition and argued that his petition is untimely under § 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act (AEDPA). (Doc. 6). The magistrate judge assigned to this case treated the respondents' submission as a motion for summary judgment and gave Mr. Haley 20 days to respond. (Doc. 7, pp. 1, 2). Mr. Haley responded on April 6, 2017. (Doc. 8).

On December 19, 2017, the magistrate judge recommended that the Court deny Mr. Haley's petition. (Doc. 9, p. 7). The magistrate judge gave Mr. Haley

notice of the right to object. (Doc. 9, pp. 7-8). Mr. Haley timely objected. (Doc. 10).

I. STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

## II. DISCUSSION

In his petition, Mr. Haley challenges his murder conviction because he contends that the state court lacked jurisdiction to convict and sentence him. (Doc. 1). In recommending that the Court deny Mr. Haley's request for relief, the magistrate judge explained that Mr. Haley's one-year deadline to file a § 2254 petition expired on March 17, 2001, and that nothing tolled (i.e., suspended) the one-year deadline. (Doc. 9, p. 5). The magistrate judge also discussed why the Court could not provide habeas relief for the respondents' alleged non-compliance with Alabama law regardless of AEDPA's one-year deadline. (Doc. 9, p. 7).

In his objections, Mr. Haley does not directly address the magistrate judge's finding concerning the one-year deadline under AEDPA, but Mr. Haley contends that his state court judgment is void, and that a void judgment may be challenged "in any court, by any person, at any time." (Doc. 10, p. 3); (*see also* Doc. 10, p. 4) (arguing that because the state court lacked jurisdiction to act under state law, his § 2254 petition for habeas relief "is properly before this court"). The substance of Mr. Haley's objections presents a legal theory that Mr. Haley did not raise before the magistrate judge issued his report. In his habeas petition, Mr. Haley asserts that he pleaded guilty to murder before he was indicted. He states: "At no point during these thirteen (13) days [between the date of his arrest and the date of sentencing],

3

was there any attempt or order issued for an Information to be filed, and there never was an indictment." (Doc. 1, p. 14). In his habeas petition, Mr. Haley argues that the 13-day period violated Alabama Code §§ 15-15-21 and 15-15-22, sections that apply when a defendant pleads guilty pursuant to an information. (Doc. 1).

In his objections, Mr. Haley acknowledges that a grand jury returned an indictment the day before he pleaded guilty and was sentenced. Still, he argues that § 15-15-22 deprived the state court of jurisdiction, rendering his conviction and sentence void. (Doc. 10). Alabama law contradicts Mr. Haley's assertion. In *Long v. State*, the Alabama Court of Criminal Appeals held that § 15-15-22 does not apply when a defendant pleads guilty after a grand jury returns an indictment. 675 So. 2d 532 (Ala. Crim. App. 1996). The *Long* Court stated: "Because the appellant was charged by indictment instead of information, § 15-15-22 was not applicable, and the trial court had jurisdiction to accept the appellant's guilty plea to the amended charge." 675 So. 2d at 534.[1] Therefore, because a grand jury returned an indictment the day before Mr. Haley pleaded guilty and the state trial court sentenced him, the state court did not convict and sentence Mr. Haley in the absence of jurisdiction.

---

[1] Moreover, the Alabama Legislature amended § 15-15-22 when the legislature adopted Alabama Code § 15-15-20.1. *See McLaurin v. State*, 895 So. 2d 1010 (Ala. Crim. App. 2004).

## III. CONCLUSION

The Court has reviewed *de novo* those parts of the record relating to Mr. Haley's objections as well as the magistrate judge's report and recommendation. This Court agrees with the magistrate judge that Mr. Haley's federal habeas petition is untimely under AEDPA. The Court overrules Mr. Haley's objection based on Ala. Code § 15-15-22 and finds that the state court had jurisdiction to accept his guilty plea. Therefore, the Court denies Mr. Haley's petition for writ of habeas corpus.

The Court will enter a separate order consistent with this opinion.

**DONE** this 26th day of April, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE